RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 1/11/2010
BY

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CR. NO. 03-30013-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| KENNETH E. WINES | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 247] filed by Defendant Kenneth E. Wines ("Wines"). On October 26, 2009, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 298], recommending that the Court deny Wines' § 2255 Motion. On November 12, 2009, Wines filed Objections to the Report and Recommendation [Doc. No. 300].

Having fully reviewed the record in this matter and considered the Court's own recollection of trial, the Court agrees with and ADOPTS the Report and Recommendation of the Magistrate Judge with one exception. On pages 10-13 of the Report and Recommendation, the Magistrate Judge discusses Wines' contention that he was provided ineffective assistance of counsel because his attorney did not call him to testify on his own behalf. The Report and Recommendation states that "if Wines had testified, the government **could** have entered formal evidence of Wines' [prior] conviction [for possession with intent to deliver cocaine] into the record under Fed. R. Evid. 609(a)(1) and **would have been entitled** to jury instructions reminding the jury of Wines' prior conviction." [Doc. No. 298, pp. 11-12 (emphasis added)].

1

The Magistrate Judge also concludes that "Wines' credibility **would have been impeached** by evidence of his prior conviction if he had testified at trial." [Doc. No. 298, p. 13 (emphasis added)]. The Court issues this Ruling to clarify that it is probable, but not certain, that Wines' prior conviction would have come into evidence and the jury would have been instructed about that prior conviction.

>Federal Rule of Evidence 609(a)(1) provides in pertinent part:

>>[E]vidence that . . . an accused has been convicted of . . . a crime [punishable by death or imprisonment in excess of one year] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused . . . .

FED. R. EVID. 609(a)(1). Thus, before a prior conviction can be admitted into evidence, the Court must determine whether the probative value of the conviction outweighs its prejudicial effect.

In this case, it is also unclear whether Wines' conviction was more than ten years old and possibly inadmissible. Rule 609(b) provides:

>Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

FED. R. EVID. 609(b). Wines was sentenced on May 9, 1994, for a first-time drug conviction. Although Wines received a five-year sentence, he had already served more than one year in

prison when he was sentenced, and there is no evidence in the record of his release date.[1] Wines was tried in this case in September 2004, more than ten years from the date of his conviction and sentence. While it is likely that his release date was within the ten-year period prior to trial, it is not clear from the record. Accordingly, the Government would have had to present the Court with evidence sufficient to show that Wines was released from confinement within the ten-year period prior to trial, or, if Wines' release was outside the ten-year period, the Government would have had to convince the Court that the probative value of the conviction substantially outweighed its prejudicial effect.[2]

Nevertheless, given the probability that the prior conviction would be admitted into evidence, as well as the other considerations set forth in the Magistrate Judge's Report and Recommendation, the Court agrees with the Magistrate Judge that Wines' attorney exercised sound trial strategy in failing to call Wines to testify and that, even if this decision was not sound, Wines cannot demonstrate that he was subsequently prejudiced.

MONROE, LOUISIANA, this __8__ day of __January__, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1] Although there is no evidence in the record as to Wines' release date, it is not unusual under state laws for a first-time offender to be given credit for good behavior and to receive a much earlier release date than the sentence imposed.

[2] The Government had filed an Information and Notice of Prior Narcotics Conviction [Doc. No. 164 ] prior to trial.