UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO.  03-30013-01 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| KENNETH EARL WINES | * | MAG. JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a

Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 filed by Petitioner

Kenneth Earl Wines. [doc. # 397].

Petitioner filed a previous § 2255 motion with this Court on June 17, 2008. [doc. # 247].

On December 6, 2012, District Judge Robert G. James, adopting with one exception the

undersigned's report and recommendation, DENIED Petitioner's § 2255 motion. [doc. # 301].

> In order to file a second or successive application with the district court, 28 U.S.C.
> § 2244 provides that an applicant must first obtain authorization from the court of
> appeals. The lack of such authorization is a jurisdictional bar to the district court's
> consideration, and a district court may dispose of applications lacking authorization
> through dismissal. Alternatively, a district court may transfer a petition lacking
> authorization to [the Fifth Circuit] for want of jurisdiction upon a finding that the
> petition is successive.

*U.S. v. Fulton*, 780 F.3d 683, 686 (5th Cir.), *cert. denied*, 136 S. Ct. 431 (2015). A later-filed

petition is successive when it: "1) raises a claim challenging the petitioner's conviction or

sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an

abuse of writ." *Id.* at 685.

A review of the instant motion shows that it is in fact a second and successive § 2255

motion. Wines asserts the following five claims:

(1) the District Court erred in applying enhancements of the base offense level, in violation of the Sixth Amendment and due process;

(2) the District Court erred in assessing a sentence in excess of sentences being imposed for like offenses in other courts, resulting in a disparity of sentences;

(3) the District Court erred in imposing a sentence to run consecutively, contrary to sentencing policies to ensure no vindictiveness by a trial court for a defendant's assertion of his right to trial by jury;

(4) the District Court erred in accepting the pre-sentence investigation report and prosecutorial statements not validated by the jury concerning drug quantities and leadership role; and

(5) ineffective assistance of counsel "resulted in a miscarriage of justice" and a sentence in violation of *U.S. v. Mathis*, 136 S.Ct. 2243 (2016); *U.S. v. Hinkle*, 832 F.3d 569 (5th Cir. 2016); *Wiggins v. U.S.*, No. 15-447, 2016 WL 4179838 (D. Conn. Aug. 5, 2016)*; and U.S. v. Ervin*, 198 F.Supp.3d 1169 (D. Mont. 2016).

Claims one through four could have been raised in Wines' first § 2255 petition. As to claim five, even though *Mathis*, *Hinkle*, *Wiggins*, and *Ervin* were all decided after the denial of Wines' first § 2255 motion, "[t]he timing of these decisions alone does not render [Wines'] petition non-successive." *Fulton*, 780 F.3d at 685; *Leal Garcia v. Quarterman*, 573 F.3d 214, 221 (5th Cir. 2009) (rejecting the argument that a petition is non-successive if it rests on a rule of constitutional law decided after the petitioner's first habeas proceeding because such a claim would not have been previously available). "Newly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are *successive* under § 2254(b)(2)(A): Indeed, this is the reason why authorization is needed to obtain review of a

successive petition." *Id.* (emphases in original).[1]

### Conclusion

Pursuant to 28 U.S.C. § 2244(b)(3)(A), before Petitioner may invoke this Court's jurisdiction to hear a successive § 2255 motion, he must "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Because Petitioner has not received such authorization, or even filed with the Fifth Circuit a § 2244(b)(3)(A) petition for authorization to file a successive habeas petition in district court, this Court lacks jurisdiction over the instant motion.

Accordingly, it is recommended that Petitioner's motion to vacate, set aside, or correct sentence, [doc. #397], be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit for a determination of whether the successive petition should be allowed.  *See* 28 U.S.C. §§ 2244(a) and (b)(3)(C); *see also In re Epps*, 127 F.3d 364 (5th Cir. 1997) (adopting procedure used when a district court transfers to the court of appeals a successive petition for habeas corpus relief).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.

---

[1] In any event, it is well settled that *Mathis* does not apply retroactively on collateral review. *See In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016); *see also Dailey v. U.S.*, No. 04-67001, 2017 WL 1829565, *2 (E.D. Tex. Apr. 11, 2017) (noting that "[e]ven if relief may potentially be available under *Mathis* and *Hinkle*," the petitioner "must first receive permission from the Fifth Circuit to file a second or successive § 2255 motion.").

Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Further, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED in Monroe, Louisiana, this 6th day of July 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE