UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 03-30013-01 |
| VERSUS | JUDGE DONALD E. WALTER |
| KENNETH EARL WINES | MAGISTRATE JUDGE HAYES |

### MEMORANDUM ORDER

Before the Court is a motion for compassionate release filed pro se by the defendant, Kenneth Earl Wines ("Wines"). See Record Document 437. The Federal Public Defender's Office notified the Court that its office would not be enrolling on behalf of Wines. The Government opposes Wines's motion. Based on the following, the motion for release is **DENIED** as premature.

The compassionate release statute, as amended by the First Step Act on December 21, 2018, provides, in pertinent part:

(c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that –

  (1) in any case –

    (A) the court, upon motion of Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –

      (i) extraordinary and compelling reasons warrant such a reduction. . . .

18 U.S.C. § 3582(c)(1)(A). The administrative exhaustion provision of the First Step Act is set out in mandatory terms and sets forth no exceptions to the statutory exhaustion requirement. Here, Wines does not indicate if he has sought relief from the Bureau of Prisons prior to the filing of the instant motion. Furthermore, the Government states in its opposition that it contacted the Bureau of Prisons and was informed that "there is currently no record of Defendant petitioning Fort Worth FCM to be compassionately released via administrative remedies." Record Document 441 at 2.

Applying this statute, this Court finds that Wines's motion is premature at this time. "The COVID-19 situation as it exists in the prison system does not, without more, establish that it is appropriate for the Court to accede to [the] request to jump over the procedure provided in the law on compassionate release. There is nothing extraordinary or compelling that convinces the court to ignore the requirement that [Wines] first make his request to the Warden of the facility." United States v. Nathan Burl Cain, No. 1:17-CR-0204-01, at *4 (W.D. La. Apr. 8, 2020). As was well-stated by the Third Circuit:

> We do not mean to minimize the risks that COVID-19 poses in the federal prison system, particularly for inmates like [Wines]. But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread. See generally Federal Bureau of Prisons, COVID-19 Action Plan (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_covid19.jsp. Given [the Bureau of Prisons]'s shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance.

United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). The proper course to follow is to allow the BOP's established process a chance to work.

Accordingly, Wines's motion for compassionate release is **DENIED** as premature. Wines may re-urge such motion if he exhausts his administrative remedies as required by Section 3582(c)(1)(A).

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 23rd day of June, 2020.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE