UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

UNITED STATES OF AMERICA             CRIMINAL ACTION NO. 03-30013-01

VERSUS                               JUDGE DONALD E. WALTER

KENNETH EARL WINES                   MAGISTRATE JUDGE HAYES

**MEMORANDUM ORDER**

Before the Court is a second motion for compassionate release filed pro se by the defendant, Kenneth Earl Wines ("Wines"). See Record Document 444. The Federal Public Defender's Office notified the Court that its office would not be enrolling on behalf of Wines. The Government opposes Wines's motion. Based on the following, the motion for release is **DENIED**.

Wines and two co-defendants were charged in a three-count indictment, charging various narcotics offenses. Specifically, Wines was charged with conspiracy to distribute 50 grams or more of cocaine base, conspiracy to distribute marijuana, and possession with intent to distribute 50 grams or more of cocaine base. See Record Document 1. A superseding indictment added a charge against Wines for possession of a firearm in furtherance of a drug trafficking crime. See Record Document 115. Prior to trial, the Government filed an Information of Prior Narcotics Conviction pursuant to 21 U.S.C. § 851, asserting Wines was subject to an enhanced penalty due to a 1993 conviction in the State of Texas for Aggravated Possession with intent to deliver a controlled substance. See Record Document 164. Wines was found guilty by a jury on all counts. See Record Document 170.

At sentencing, Wines faced a statutory mandatory minimum of twenty years of imprisonment. Based on the calculations contained in the presentence report, his sentencing guideline range was 360 months to life. He was sentenced to 360 months on the narcotics offenses

and 60 months on the firearm offense, to be served consecutively, resulting in a total term of 420 months.  See Record Document 208.  Due to subsequent retroactive amendments to the Sentencing Guidelines, the sentence on Counts 1, 2 and 3 was reduced to 240 months and his total term of imprisonment was reduced to 300 months.  See Record Documents 310, 358 and 389.  On March 25, 2020, following a motion for sentence reduction pursuant to Section 404 of the First Step Act, his sentence was further reduced to 210 months for Count 1, 2 and 3, resulting in a total amount of 270 months of imprisonment.[1]  See Record Documents 417, 421 and 427.  Wines is currently housed at Fort Worth Federal Medical Center ("FMC") and he has a projected release date of November 30, 2024.  He filed his first motion for compassionate release in this Court on June 8, 2020, citing concerns related to the COVID-19 pandemic.  See Record Document 437.  The motion was dismissed without prejudice as unexhausted.  See Record Document 442.

      Wines now brings a second motion for compassionate release, arguing that he should be released to home confinement because he objects to the Bureau of Prison's findings that he has a history of violence and that he has not served enough of his sentence to qualify for release.  See Record Document 444.  Wines also contends that he should be released because he has a fear of contracting COVID-19 due to inmates testing positive at Fort Worth FMC.  See id.  The Government concedes that Wines has exhausted his administrative remedies but maintains that his motion fails on the merits.  See Record Document 448.  Specifically, the Government argues that Wines has not shown extraordinary and compelling circumstances justifying his early release.  The

---

[1] In his ruling on the Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act (Record Documents 417 and 421), Judge Robert G. James also recommended "that the Bureau of Prisons place Defendant in a Residential Reentry Center for the maximum portion of his final months of imprisonment as BOP deems appropriate, in order to afford Wines 'a reasonable opportunity to adjust to and prepare for [his] reentry . . . into the community.'"  Record Document 427 at 8 (citing 18 U.S.C. § 3624(c)(1)).

Government further argues that Wines is still a danger to the community and that the factors set forth under 18 U.S.C. § 3553(a) counsel against his release. See id.

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S. Ct. 2683, 2690 (2010). Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2). Section 3852(c)(1)(A)(i) provides that a court may reduce a prisoner's sentence after administrative remedies have been exhausted "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

The Sentencing Commission's policy statement regarding compassionate release is consistent with the statute and provides, in pertinent part, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) Extraordinary and compelling reasons warrant the reduction; . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. In the commentary following the policy statement, the Sentencing Commission identifies three specific reasons that are considered "extraordinary and compelling," as well as a broader provision for reasons deemed "extraordinary and compelling."

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>> (A) Medical Condition of the Defendant.—
>>
>>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>>
>>> (ii) The defendant is—
>>>
>>>> (I) suffering from a serious physical or medical condition,
>>>>
>>>> (II) suffering from a serious functional or cognitive impairment, or
>>>>
>>>> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>>
>> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>>
>> (C) Family Circumstances.—
>>
>>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>>
>>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>>
>> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and

>> compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13 cmt. n. 1.

The defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See United States v. Ennis, No. 02-1430, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing United States v. Stowe, No. 11-803, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019)); United States v. Wright, No. 16-214, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). The Court finds that Wines has failed to meet his burden that extraordinary and compelling reasons exist under 18 U.S.C. § 3582(c)(1)(A) to modify his prison sentence. The statute requires extraordinary and compelling reasons that warrant a reduction and that such are "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3852(c)(1)(A)(i). Wines simply does not meet any of the criteria set forth in the policy statement. He is not terminally ill or suffering from a serious physical or medical condition. He is also not over 65 years of age. Moreover, Wines does not allege or provide evidence that he is suffering from a serious functional or cognitive impairment, is experiencing deteriorating physical or mental health because of the aging process, or is experiencing dire family circumstances.

The Court has also looked at the presence of COVID-19 at the Fort Worth FMC facility. There are twenty-three inmates and nine staff members who are currently testing positive out of 1,284 total inmates.[2] http://www.bop.gov/coronavirus (last updated 9/14/2020). Courts have held

---

[2] There are twelve inmates who have died from the virus. However, there are 570 inmates and 6 staff who have recovered from the virus. www.bop.gov/coronavirus (last updated 9/14/20).

5

that "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). See, e.g., United States v. Clark, No. 17-85, 2020 WL 1557397, at *6 (M.D. La. Apr. 1, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence. . . . .") (quoting United States v. Eberhart, No. 13-313, 2020 WL 1450745 (N.D. Cal. Mar. 25, 2020)); United States v. Mazur, No. 18-68, 2020 WL 2113613, at *1, 3-4 (E.D. La. May 4, 2020) (holding that extraordinary and compelling reasons to grant compassionate release were not present for a prisoner diagnosed with myeloid leukemia and hypertension despite twenty-five percent of the inmate population testing positive for COVID-19). Wines has not alleged or shown that inmates are not receiving adequate medical attention if they contract the virus. Additionally, Wines has not shown that the BOP is unable to adequately manage the COVID situation. This Court cannot equate the generalized fear of COVID-19 to an extraordinary and compelling reason to support compassionate release, nor will it undermine BOP's criteria to determine eligibility for sentence reductions or home confinement. Therefore, the Court finds that Wines has not met his burden.

The Court further finds that even if Wines demonstrated "extraordinary and compelling conditions," he remains a danger to the safety of others and his community, which the Court must consider under United States Sentencing Guideline § 1B1.13(2). The Court finds that Wines has not demonstrated that he will not be a threat to others or the community if released. First, Wines was sentenced for conspiracy to distribute fifty grams or more of cocaine base and possession with intent to distribute fifty grams or more of cocaine base. Second, Wines has a criminal history that includes convictions for cocaine distribution, assault, evading arrest, and several convictions for

6

the illegal possession of firearms. See Mazur, 2020 WL 2113613, at *4 (noting that even if defendant's circumstances "presented extraordinary and compelling reasons to grant compassionate release," his history of attempted manslaughter, possession of controlled substances, and a misdemeanor for domestic abuse battery demonstrates that he is a danger to the community). Third, even while serving his current sentence, Wines continues to violate BOP policies and has incurred a number of disciplinary sanctions while in custody, although admittedly, none of these infractions are for violent offenses. Regardless, and in light of the above, the Court concludes that Wines remains a danger to others and his community.

The Court shares Wines's concerns about the effect of the COVID-19 in the prison setting. However, those concerns are not being ignored by the BOP or this Court. BOP is taking action to address COVID-19 concerns in its facilities. Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, "expand[s] the cohort of inmates who can be considered for home release." The BOP is currently reviewing prisoners to determine if temporary release to home confinement or some other type of release, removal, or furlough is appropriate, under the standards issued by the CDC on which persons are at heightened risk. The BOP has released 7,615 prisoners to home confinement under its process. https://www.bop.gov/coronavirus/(last updated 9/15/2020).

For the foregoing reasons, **IT IS ORDERED** that Wines's motion is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 15th day of September, 2020.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE