**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 03-30013-01

VERSUS                                      JUDGE DONALD E. WALTER

KENNETH EARL WINES


**MEMORANDUM ORDER**

Before the Court is a third motion for compassionate release filed pro se by the defendant, Kenneth Earl Wines ("Wines").  See Record Document 459.  The Federal Public Defender's Office notified the Court that its office would not be enrolling on behalf of Wines.  The Government opposes Wines's motion.  See Record Document 461.  Based on the following, the third motion for release is **DENIED**.

Wines and two co-defendants were charged in a three-count indictment, charging various narcotics offenses.  Specifically, Wines was charged with conspiracy to distribute 50 grams or more of cocaine base, conspiracy to distribute marijuana, and possession with intent to distribute 50 grams or more of cocaine base.  See Record Document 1.  A superseding indictment added a charge against Wines for possession of a firearm in furtherance of a drug trafficking crime.  See Record Document 115.  Prior to trial, the Government filed an Information of Prior Narcotics Conviction pursuant to 21 U.S.C. § 851, asserting Wines was subject to an enhanced penalty due to a 1993 conviction in the State of Texas for Aggravated Possession with intent to deliver a controlled substance.  See Record Document 164.  Wines was found guilty by a jury on all counts. See Record Document 170.

At sentencing, Wines faced a statutory mandatory minimum of twenty years of imprisonment.  Based on the calculations contained in the presentence report, his sentencing

guideline range was 360 months to life.  He was sentenced to 360 months on the narcotics offenses and 60 months on the firearm offense, to be served consecutively, resulting in a total term of 420 months.  See Record Document 208.  Due to subsequent retroactive amendments to the Sentencing Guidelines, the sentence on Counts 1, 2 and 3 was reduced to 240 months and his total term of imprisonment was reduced to 300 months.  See Record Documents 310, 358 and 389.  On March 25, 2020,  following a motion for sentence reduction pursuant to Section 404 of the First Step Act, his sentence was further reduced to 210 months for Count 1, 2 and 3, resulting in a total amount of 270 months of imprisonment.[1]  See Record Documents 417, 421 and 427.

Wines is currently housed at the Federal Correctional Institution in Big Spring, Texas ("FCI Big Spring"), and he has a projected release date of February 2025.  He filed his first motion for compassionate release in this Court on June 8, 2020, citing concerns related to the COVID-19 pandemic.  See Record Document 437.  The motion was dismissed without prejudice as unexhausted.  See Record Document 442.  He later filed his second motion for compassionate release, which was denied on the merits, as this Court found that Wines had not shown extraordinary and compelling reasons for compassionate release and that the factors set forth under 18 U.S.C. § 3553(a) counseled against his release.  See Record Documents 444 and 452.

Wines now brings a third motion for compassionate release, pleading his innocence and arguing that he should be released due to an alleged change in the law that allows a judge to consider what is "deemed fit to receive Compassionate Release or a time reduction."  Record Document 459 at 2.  The Government maintains that the motion fails on the merits.  See Record

---

[1] In his ruling on the Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act (Record Documents 417 and 421), Judge Robert G. James also recommended "that the Bureau of Prisons place Defendant in a Residential Reentry Center for the maximum portion of his final months of imprisonment as BOP deems appropriate, in order to afford Wines 'a reasonable opportunity to adjust to and prepare for [his] reentry . . . into the community.'"  Record Document 427 at 8 (citing 18 U.S.C. § 3624(c)(1)).

Document 461.  Specifically, the Government argues that Wines has not shown extraordinary and compelling circumstances.  The Government further argues that Wines is still a danger to the community and that the factors set forth under 18 U.S.C. § 3553(a) counsel against his release.  See id.

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S. Ct. 2683, 2690 (2010).  Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except:  (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).  Section 3852(c)(1)(A)(i) provides that a court may reduce a prisoner's sentence after administrative remedies have been exhausted "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

The Sentencing Commission's policy statement regarding compassionate release is consistent with the statute and provides, in pertinent part, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> > (1) (A) Extraordinary and compelling reasons warrant the reduction; . . .
> >
> > (2)  The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> >
> > (3)  The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.   In the commentary following the policy statement, the Sentencing

Commission identifies three specific reasons that are considered "extraordinary and compelling,"

as well as a broader provision for reasons deemed "extraordinary and compelling."[2]   However, the

--------

[2] The commentary to Section 1B1.13 provides:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

4

Fifth Circuit Court of Appeals recently held that this policy statement does not bind a district court in considering a motion filed by a defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), as opposed to a motion filed by the Director of the Bureau of Prisons.  See United States v. Shkambi, 993 F.3d 388, 2021 WL 1291609, at *4 (5th Cir. Apr. 7, 2021). The Shkambi court concluded that "[t]he district court . . . is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."  Id.  Regardless, the defendant bears the burden to establish that circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).  See United States v. Ennis, No. 02-1430, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing United States v. Stowe, No. 11-803, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019)); United States v. Wright, No. 16-214, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

Although the policy statement is no longer binding on this Court pursuant to Shkambi, the policy statement remains persuasive authority as to what constitutes an extraordinary and compelling reason for compassionate relief.  See United States v. Malone, No. 12-146-03, 2020 WL 3065905, at *5 (W.D. La. June 9, 2020)  ("The Court agrees that the policy statement provides a helpful framework for compassionate release decisions, but it is not conclusive given the recent statutory changes."); United States v. Bloxom, No. 07-50100, 2021 WL 4134411 (W.D. La. Sept.

---

> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13 cmt. n. 1.

5

10, 2021) ("<u>Shkambi</u> did not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under Section 3582(c)(1)(A), as the Fifth Circuit has long recognized that although not dispositive, the commentary to § 1B1.13 informs the district court's analysis as to what reasons may be sufficiently extraordinary and compelling to necessitate compassionate release.").  Wines simply does not meet any of the criteria set forth in the policy statement.  He is not terminally ill or suffering from a serious physical or medical condition.  He is also not over 65 years of age. Moreover, Wines does not allege that he is suffering from a serious functional or cognitive impairment, is experiencing deteriorating physical or mental health because of the aging process, or is experiencing dire family circumstances.   Regardless, even removing any reference whatsoever to the policy statement or its comments from the analysis, this Court still cannot conclude that Wines's situation qualifies as extraordinary and compelling.  Thus, the Court finds that Wines has failed to meet his burden that extraordinary and compelling reasons exist under 18 U.S.C. § 3582(c)(1)(A) to modify his prison sentence.

Even assuming that Wines had identified extraordinary and compelling reasons, he is still not entitled to relief under the factors contained in 18 U.S.C. § 3582 and the sentencing factors set forth in 18 U.S.C. § 3553(a).  Section 3553(a), which sets forth the factors to consider in imposing sentence, requires the Court to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentencing imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant.  <u>See</u> 18 U.S.C. § 3553(a).

As detailed in its previous ruling, the Court again finds that Wines has not demonstrated that he will not be a threat to others or the community if released.  First, Wines was sentenced for conspiracy to distribute fifty grams or more of cocaine base and possession with intent to distribute

fifty grams or more of cocaine base.  Second, Wines has a criminal history that includes convictions for cocaine distribution, assault, evading arrest, and several convictions for the illegal possession of firearms.  Third, even while serving his current sentence, Wines continues to violate BOP policies and has incurred a number of disciplinary sanctions while in custody, although admittedly, none of these infractions are for violent offenses.  Regardless, and in light of the above, the Court concludes that Wines remains a danger to others and his community.  Additionally, in examining the Section 3553(a) factors, to further reduce Wines's sentence would not reflect the seriousness of the offense, promote respect for the law or afford an adequate deterrence to criminal conduct.

For the foregoing reasons, **IT IS ORDERED** that Wines's motion is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 27th day of October, 2021.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE